NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10249 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00262-WBS-1 |
| v. | |
| TEVIN TAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted November 16, 2015
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Defendant Tevin Tan ("Tan") pleaded guilty to one count of manufacturing

at least 100 marijuana plants. 21 U.S.C. § 841(a)(1). Tan appeals his conviction,

arguing that the marijuana plants and other evidence in his case should have been

suppressed, because the search warrant affidavit for his house lacked probable

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

cause on its face, and relied on evidence obtained through unconstitutional searches. Tan also argues that he has not waived the right to appeal the denial of his motion to suppress that evidence because the district court explicitly informed him that this right was preserved. We have jurisdiction under 28 U.S.C. §§ 1291 and 1294(1). We hold that Tan did not waive his appellate rights, and we affirm the denial of Tan's motion to suppress the evidence.

Tan argues that the written waiver of his right to appeal his conviction is invalid. We agree. Under the unique circumstances here, Tan had a reasonable expectation that he could appeal the denial of his motion to suppress because when he pleaded guilty, the district court explicitly advised him this right was preserved. See United States v. Felix, 561 F.3d 1036, 1040–41 (9th Cir. 2009). When discussing the sentencing agreement, the district court personally informed Tan that his right to appeal the sentence was preserved, but did not explicitly instruct Tan on the difference between appealing a conviction and appealing a sentence. In this context, Tan could have been confused and had the reasonable expectation that he maintained the right to appeal both. We therefore address the merits of Tan's appeal.

The district court did not err in rejecting Tan's motion to suppress. Tan argues that the means used to gather the evidence in the affidavit violated United States v. Jones, 132 S. Ct. 945 (2012), and Florida v. Jardines, 133 S. Ct. 1409 (2013). This argument is foreclosed because the searches were "conducted in objectively reasonable reliance on then-binding precedent" at the time they occurred. United States v. Pineda-Moreno, 688 F.3d 1087, 1089 (9th Cir. 2012); United States v. Thomas, 726 F.3d 1086, 1093 (9th Cir. 2013). In the absence of any independent violation of the Fourth Amendment, the officers were entitled to rely on the warrant approved by the magistrate. See United States v. Leon, 468 U.S. 897, 920–21 (1984); United States v. Clark, 31 F.3d 831, 835 (9th Cir. 1994). **AFFIRMED.**